# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:17-cv-263-FDW

| | |
|---|---|
| JOE L. SHOLTZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| ) | **ORDER** |
| ) | |
| BUNCOMBE CO. JAIL, ) | |
| SOUTHEAST CORRECTIONAL ) | |
| MEDICAL GROUP, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e) and § 1915A, (Doc. No. 1). On November 20, 2017, the Court entered an order waiving the initial filing fee and directing monthly payments to be made from Plaintiff's prison account. (Doc. No. 8). Thus, Plaintiff is proceeding in forma pauperis.

## I. BACKGROUND

Pro se Plaintiff Joe L. Sholtz is a federal prisoner currently being detained at the Buncombe County Detention Center in Asheville, North Carolina. Plaintiff filed this action on September 20, 2017, pursuant to 42 U.S.C. § 1983. Plaintiff has named the following two entities as Defendants: (1) "Buncombe County Jail"; (2) and "Southeast Correctional Medical Group." Plaintiff purports to bring an Eighth Amendment claim against Defendants, whom he describes in the Complaint as "medical staff" at the jail, for deliberate indifference to serious medical needs based on Defendants' refusal to provide him with medical care and to acknowledge his serious medical needs while incarcerated at the jail. Plaintiff seeks damages

1

and injunctive and declaratory relief.

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief. In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

## III. DISCUSSION

Claims under 42 U.S.C. § 1983 based on an alleged lack of or inappropriate medical treatment fall within the Eighth Amendment's prohibition against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To state a claim under the Eighth Amendment, a plaintiff must show a "deliberate indifference to serious medical needs" of the inmate. Id. "Deliberate indifference requires a showing that the defendants actually knew of and disregarded a substantial risk of serious injury to the detainee or that they actually knew of and ignored a detainee's serious need for medical care." Young v. City of Mt. Ranier, 238 F.3d 567, 575-76 (4th Cir. 2001) (citations omitted). "To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent,

2

inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990).

Allegations that might be sufficient to support negligence and medical malpractice claims do not, without more, rise to the level of a cognizable § 1983 claim. Estelle, 429 U.S. at 106; Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999) ("Deliberate indifference is a very high standard—a showing of mere negligence will not meet it."). To be found liable under the Eighth Amendment, a prison official must know of and consciously or intentionally disregard "an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994); Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998). "[E]ven if a prison doctor is mistaken or negligent in his diagnosis or treatment, no constitutional issue is raised absent evidence of abuse, intentional mistreatment, or denial of medical attention." Stokes v. Hurdle, 393 F. Supp. 757, 762 (D. Md. 1975), aff'd, 535 F.2d 1250 (4th Cir. 1976). The constitutional right is to medical care. No right exists to the type or scope of care desired by the individual prisoner. Id. at 763. Therefore, a disagreement "between an inmate and a physician over the inmate's proper medical care [does] not state a § 1983 claim unless exceptional circumstances are alleged." Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985) (dismissing the plaintiff's § 1983 claim against a defendant physician for allegedly discharging the plaintiff too early from a medical clinic, as such claim did not rise to the level of deliberate indifference but would, "at most, constitute a claim of medical malpractice").

The Court finds that Plaintiff must amend his Complaint to name the proper Defendants or this action will be dismissed without prejudice and without further notice to Plaintiff. First, the "Buncombe County Jail" is not a distinct legal entity capable of being sued, nor is it a "person" within the meaning of 42 U.S.C. § 1983. See Monell v. Dep't. of Soc. Servs., 436 U.S.

658, 688 & n.55 (1978) (noting that, for purposes of Section 1983 action, a "person" includes individuals and "bodies politic and corporate"); FED. R. CIV. P. 17(b). Additionally, as to Defendant Southeast Correctional Medical Group, which is also not a "person" subject to suit under Section 1983, Plaintiff has alleged no facts whatsoever against this named Defendant, and it also appears that it may be a private entity not subject to suit under Section 1983, which states, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983. As its language indicates, Section 1983 applies only to persons acting under color of state law.

This Court finds that Plaintiff must amend his Complaint or this action will be subject to dismissal without prejudice and without further notice to Plaintiff. In his Amended Complaint, Plaintiff needs to provide more specific allegations—that is, he needs to allege facts with specific dates and the specific individuals at the jail who are allegedly ignoring his serious medical needs.

## IV. CONCLUSION

For the reasons stated herein, Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with this order.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff shall have thirty (30) days in which to amend the Complaint, particularizing his claims and providing facts to support his legal claims and identifying individual

Defendants subject to suit. If Plaintiff fails to amend the Complaint within the time limit set by the Court, this action will be dismissed without prejudice and without further notice to Plaintiff.

2. The Clerk is directed to mail Plaintiff a new Section 1983 Complaint form.

Signed: December 5, 2017

Frank D. Whitney
Chief United States District Judge