# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:17-cv-263-FDW

| | |
|---|---|
| JOE L. SHOLTZ, | ) |
|         Plaintiff, | ) |
| vs. | ) |
| | )   **ORDER** |
| APRIL STROUPE, et al., | ) |
|         Defendants. | ) |

**THIS MATTER** is before the Court on initial review of Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915(e) and § 1915A. (Doc. No. 13). On November 20, 2017, the Court entered an order waiving the initial filing fee and directing monthly payments to be made from Plaintiff's prison account. (Doc. No. 8). Thus, Plaintiff is proceeding in forma pauperis.

**I.    BACKGROUND**

Pro se Plaintiff Joe Sholtz is a North Carolina prisoner incarcerated at the Federal Medical Center in Butner, North Carolina. Plaintiff filed this action on September 20, 2017, pursuant to 42 U.S.C. § 1983. Pursuant to this Court's order instructing Plaintiff to file an Amended Complaint, Plaintiff filed the Amended Complaint on January 16, 2018. (Doc. No. 13). Plaintiff has named as Defendant April Stroupe, identified as a nurse employed by Southeast Correctional Medical Group, and working at the Buncombe County Jail at all relevant times.[1] Plaintiff purports to bring an Eighth Amendment claim against Defendant for deliberate

---

[1] Plaintiff also purports to list an unnamed "Executive" with Southeast Correctional Medical

1

indifference to serious medical needs based on Defendant's refusal to provide him with proper medical care related to treatment of his throat cancer while Plaintiff was incarcerated as a pre-trial detainee at the Buncombe County Jail in 2017. Plaintiff seeks compensatory damages.

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief. In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

## III. DISCUSSION

Claims under 42 U.S.C. § 1983 based on an alleged lack of or inappropriate medical treatment fall within the Eighth Amendment's prohibition against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To state a claim under the Eighth Amendment, a plaintiff must show a "deliberate indifference to serious medical needs" of the inmate. Id.

---

Group as a Defendant, but the Complaint does not include any specific allegations as to this unnamed person. Furthermore, to the extent that Plaintiff attempts to name as a Defendant "Southeast Correctional Medical Group," this entity is not a "person" subject to suit under Section 1983.

"Deliberate indifference requires a showing that the defendants actually knew of and disregarded a substantial risk of serious injury to the detainee or that they actually knew of and ignored a detainee's serious need for medical care." Young v. City of Mt. Ranier, 238 F.3d 567, 575-76 (4th Cir. 2001) (citations omitted). "To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990).

Allegations that might be sufficient to support negligence and medical malpractice claims do not, without more, rise to the level of a cognizable § 1983 claim. Estelle, 429 U.S. at 106; Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999) ("Deliberate indifference is a very high standard—a showing of mere negligence will not meet it."). To be found liable under the Eighth Amendment, a prison official must know of and consciously or intentionally disregard "an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994); Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998). "[E]ven if a prison doctor is mistaken or negligent in his diagnosis or treatment, no constitutional issue is raised absent evidence of abuse, intentional mistreatment, or denial of medical attention." Stokes v. Hurdle, 393 F. Supp. 757, 762 (D. Md. 1975), aff'd, 535 F.2d 1250 (4th Cir. 1976). The constitutional right is to medical care. No right exists to the type or scope of care desired by the individual prisoner. Id. at 763. Therefore, a disagreement "between an inmate and a physician over the inmate's proper medical care [does] not state a § 1983 claim unless exceptional circumstances are alleged." Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985) (dismissing the plaintiff's § 1983 claim against a defendant physician for allegedly discharging the plaintiff too early from a medical clinic, as such claim did not rise to the level of deliberate indifference but would, "at most,

constitute a claim of medical malpractice").

The Court finds that, assuming that Plaintiff's allegations are true, and drawing all reasonable inferences in his favor, Plaintiff's claim against Defendant for deliberate indifference to serious medical needs is not clearly frivolous.

**IV.    CONCLUSION**

For the reasons stated herein, Plaintiff has alleged a claim for deliberate indifference to serious medical needs against Defendant sufficient to survive this Court's initial review.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Complaint survives initial review under 28 U.S.C. § 1915(e).
2. The Clerk shall send Plaintiff summons forms to fill out so that service may be made on Defendant. Once the Court receives the summons forms, the U.S. Marshal shall effectuate service on Defendant in accordance with Rule 4 of the Federal Rules of Civil Procedure.

Signed: March 6, 2018

Frank D. Whitney
Chief United States District Judge